United States Bankruptcy Court
District of Maryland

In re:                                                                  Case No. 13-18454-RAG
Martha Morningstar                                                      Chapter 13
         Debtor                      **CERTIFICATE OF NOTICE**

District/off: 0416-1          User: mrybczyns           Page 1 of 2              Date Rcvd: May 15, 2013
                              Form ID: pdfall           Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 17, 2013.
```
db         +Martha Morningstar,    108 Regester Avenue,    Baltimore, MD 21212-1538
28116481   +Cap1/Bstby,    26525 N Riverwoods Blvd,    Mettawa, IL 60045-3438
28116482   +Chase,   Po Box 15298,    Wilmington, DE 19850-5298
28116483   +Citi,   Po Box 6241,    Sioux Falls, SD 57117-6241
28116484   +Comenity Bank/Anntylr,    Po Box 182273,    Columbus, OH 43218-2273
28116503   +Comptroller of the Treasury,    Compliance Division, Room 409,    301 W. Preston Street,
             Baltimore, MD 21201-2305
28116506   +Deputy County Attorney,    Baltimore County Office of Law,    400 Washington Avenue, 2nd Floor,
             Towson, MD 21204-4606
28116487  ++NATIONSTAR MORTGAGE,    PO BOX 630267,    IRVING TEXAS 75063-0116
            (address filed with court:  Nationstar Mortgage,    350 Highland Drive,    Lewisville, TX 75067)
28116488   +State of Maryland,    Revenue Administration Div.,    110 Carroll Street,
             Annapolis, MD 21411-1000
28116505   +State of Maryland DLLR,    Division of Unemployment Insurance,    1100 N. Eutaw Street, Room 401,
             Baltimore, MD 21201-2201
28116504    Supervisor of Delin. Accts.,    Rm. 1 Municipal Building,    Holliday & Lexington Streets,
             Baltimore, MD 21202
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
28116485   +E-mail/Text: creditonebknotifications@resurgent.com May 15 2013 19:53:51     Credit One Bank,
             Po Box 98875,   Las Vegas, NV 89193-8875
28116486    E-mail/Text: cio.bncmail@irs.gov May 15 2013 19:48:58     Internal Revenue Service,   PO BOX 7346,
             Philadelphia, PA 19101-7346
                                                                                              TOTAL: 2
```

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 17, 2013**                    **Signature:**      _Joseph Speetjens_

```
District/off: 0416-1          User: mrybczyns              Page 2 of 2              Date Rcvd: May 15, 2013
                              Form ID: pdfall              Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 14, 2013 at the address(es) listed below:
        David L. Ruben    srogan354@yahoo.com,   kenny@mdbankruptcycenter.com
                                                                                                       TOTAL: 1

Case 13-18454   Doc 10   Filed 05/17/13   Page 2 of 6

**APPENDIX A**

## United States Bankruptcy Court
### District of Maryland

In re **Martha Morningstar**  
            Debtor(s)

Case No. _____  
Chapter **13**

### CHAPTER 13 PLAN

☒ Original Plan      ☐ Amended Plan      ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

   a. $ **500.00** per month for a term of **60** months. OR

   b. $____ per month for ____ month(s),  
      $____ per month for ____ month(s),  
      $____ per month for ____ month(s), for a total term of ____ months. OR

   c. $____ per month prior to confirmation of this plan, and $____ per month after confirmation of this plan, for a total term of ____ month(s),

2. From the payments received, the Trustee will make the disbursements in the order described below:
   a. Allowed unsecured claims for domestic support obligations and trustee commissions.
   b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ **2500.00** (unless allowed for a different amount by an order of Court).
   c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $ **0.00** .
   d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| **Internal Revenue Service** | 451.00 |

   e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

   i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| **NationStar Mortgage (Formerly Metlife)** | ending 9706 | 1802.26 |

   ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| **Nationstar Mortgage** | $11,03200 | | |

    iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| none | | | | |

    iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

    v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| -NONE- |

    vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

  f. After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims. (If there is more than one class of unsecured claims, describe each class.)

3. The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order. The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case. For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| -NONE- | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:

Date **May 14, 2013**    Signature **/s/ Martha Morningstar**
**Martha Morningstar**
Debtor

Attorney **/s/ David L. Ruben**
**David L. Ruben 10477**

# United States Bankruptcy Court
**District of Maryland**

In re  **Martha Morningstar**                                                                                      Case No.
                                        Debtor(s)                                              Chapter     **13**

## PRE-CONFIRMATION CERTIFICATION

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date **May 14, 2013**                                         Signature   **/s/ Martha Morningstar**
                                                                          **Martha Morningstar**
                                                                          Debtor